30 F.3d 136
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
David D. COUSINS, Defendant/Appellant.
 No. 93-3565.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1994.*
Decided Aug. 5, 1994.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, District Judge.**
 
 ORDER
 
 2
 David D. Cousins appeals the district court's refusal to depart downward in sentencing him in light of his intellectual capacity and mental health. See U.S.S.G. Sec. 2A1.1. We affirm.
 
 
 3
 Cousins pled guilty to bank robbery, two counts of assault, killing a person during the course of a robbery, and possession of a weapon during a violent federal crime. See 18 U.S.C. Sec. 2113(a), (d) and (e); 18 U.S.C. Sec. 924(c). He was sentenced to 480 months of imprisonment and five years of supervised release. Cousins argues that the district court "inadequately considered the Defendant's mental condition and circumstances in rendering its judgment."[1]
 
 
 4
 We can only review a district court's sentence if it was "imposed in violation of law," a misapplication of the Guidelines, or outside the applicable guideline range. See United States v. Lueddeke, 908 F.2d 230, 235 (7th Cir.1990); 18 U.S.C. Sec. 3742(e). "[A] decision to depart is wholly within the discretion of the district court [and] there is no appellate remedy available if a district court chooses not to depart." United States v. Gaines, 7 F.3d 101, 105 (7th Cir.1993); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989). Cousins attempts to circumvent this jurisdictional barrier by claiming that the district court did not consider his mental condition in rendering its judgment. This argument is without merit. At sentencing, the court noted that a departure was within its discretion and acknowledged Cousins' IQ and the medical finding that Cousins knew what his acts entailed. However, the court found "that there was intent involved here of a very serious nature, so serious and terrible that I cannot exercise my discretion by going downward from the guidelines themselves." Sentencing Transcript at 24-25. The district court considered Cousins' mental condition and we do not have jurisdiction to review Cousins' sentence.
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 The Honorable Robert A. Grant, District Judge of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Cousins' argument is based on note 1 of the Commentary to Sec. 2A1.1: "If the defendant did not cause the death intentionally or knowingly, a downward departure may be warranted. The extent of the departure should be based upon the defendant's state of mind (e.g. recklessness or negligence), the degree of risk inherent in the conduct, and the nature of the underlying offense conduct."